Filed 4/14/22  P. v. Schiele CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094487 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE020663) |
| v. | |
| FREDERICK JAMES SCHIELE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Frederick James Schiele has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed that although defendant's plea deal called for dismissal of the balance of the charges, the trial court failed to affirmatively dismiss those charges following defendant's no contest plea and sentencing.  We will modify the judgment to address this oversight.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

The People's October 29, 2018 felony complaint charged defendant with 18 counts of lewd and lascivious acts with a child under the age of 14 (Pen. Code, § 288, subd. (a)—counts one through eighteen)[1] and arranging a meeting with a child for the purpose of committing a lewd act (§ 288.4, subd. (b)—count nineteen). It further was alleged that in the commission of the section 288 counts, defendant had substantial sexual contact with a person under 14 (§ 1203.066, subd. (a)(8)). On April 16, 2019, defendant was held to answer as charged and the complaint was deemed the information.

Thereafter, on May 20, 2021, defendant resolved this case by pleading no contest to counts two through four, six, and eight through eleven. In exchange, he would receive a prison sentence of 22 years and the remaining charges would be dismissed. The factual basis for defendant's plea was recited by the prosecution for the record and included that defendant had placed his fingers to the victim's vagina, kissed her with his tongue, placed his penis to the victim's vagina, placed his penis to the victim's mouth, and placed his mouth to the victim's genitalia. Defendant had been dating the victim's mother at the time and "was essentially the victim's stepfather." The abuse continued almost every day for over a year when the victim was between the ages of 10 and 11. It only ended when the victim's mother and defendant broke up. Defendant objected that he did not believe that any of the complained of conduct had occurred before the victim was 11 years old, but otherwise submitted on the facts as stated by the People.

On June 22, 2021, the trial court sentenced defendant in accordance with the plea agreement to an aggregate prison term of 22 years, comprised of eight years for count two, plus two years consecutive for each remaining count. However, the court neglected to orally dismiss the balance of the charges and strike the enhancement allegation.

---

[1]     Undesignated statutory references are to the Penal Code.

Defendant was awarded 972 actual days plus 145 local conduct days, for a total of 1,117 days of custody credit. The court indicated it would strike the fines and fees "where . . . able to do so" and imposed a $300 restitution fine. (§ 1202.4.)[2]

Defendant timely appealed and obtained a certificate of probable cause.

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court's failure to affirmatively dismiss the balance of the charges and strike the enhancement allegation, even though the dismissal of these items is reflected in the minute order documenting defendant's change of plea, as well as the sentencing minute order. We will modify the judgment to reflect the dismissal/striking of these items and affirm the judgment as modified.

### DISPOSITION

The judgment is modified to reflect the dismissal of counts one, five, seven, and twelve through nineteen. The judgment is further modified to strike the enhancement

---

**2**      Although not orally imposed by the court at sentencing, defendant's abstract of judgment showed imposition of a $300 parole revocation restitution fine (§ 1202.45), eight $40 court operations assessments (§ 1465.8), eight $30 conviction assessments (Gov. Code, § 70373), and a $300 serious habitual offender fine, with $130 in penalty assessments. Defendant's appellate counsel filed two motions in the trial court for the reduction of defendant's fines and fees, resulting in the reduction of the restitution and parole revocation restitution fines imposed from $300 to $280 and the striking of the remaining fines and fees.

allegation under section 1203.066, subdivision (a)(8).  The judgment is affirmed as modified.


                                                     KRAUSE          , J.


We concur:


       MAURO          , Acting P. J.


       HOCH           , J.